Albert and Gesela Groves v. Commissioner.
Groves v. Commissioner
Docket No. 5840-68.
United States Tax Court
T.C. Memo 1971-164; 1971 Tax Ct. Memo LEXIS 168; 30 T.C.M. (CCH) 704; T.C.M. (RIA) 71164; July 15, 1971, Filed *168 Albert Groves, pro se, 5901 Mansfield Ave. , Los Angeles, Calif.Earl Goldhammer, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $1,318.61 in petitioners' income tax for taxable year 1966. The only issue to be decided is whether readjustment payments received on involuntary separation from active military service are to be taxed as ordinary income or long-term capital gain. Findings of Fact Some of the facts have been stipulated and are, together with the exhibits attached thereto, incorporated herein by this reference. Petitioners were residents of Los Angeles, California, at the time of filing the petition in this case and filed a joint income tax return for taxable year 1966 with the district director of internal revenue, Los Angeles, California. Gesela Groves is a party to this action only by virtue of having filed a joint return; consequently, Albert Groves will hereinafter be referred to as petitioner. Petitioner was commissioned as a second lieutenant in the United States Air Force Reserve in August 1952. He continued to serve on active duty with the Air Force until June 30, 1966, when *169 he was involuntarily released from active duty. Petitioner had served on active duty for nearly 14 years and had advanced to the rank of captain. Upon his involuntary release from active duty, petitioner was paid a readjustment payment of $15,000 under the authority of the Act of June 28, 1962, P.L. 87-509, 76 Stat. 120, 50 U.S.C. section 1016. This payment was received by petitioner on July 18, 1966. Since his release from active duty, petitioner has remained in the Air Force Reserve but has not reenlisted for active duty. Having served less than 20 years on active duty, petitioner is not entitled to any military retirement benefits. Petitioner included the $15,000 readjustment payment in his 1966 income tax return as a long-term capital gain. Respondent, asserting that the payment is ordinary income, determined the deficiency in dispute. Opinion The issue to be decided is whether the $15,000 readjustment payment received by petitioner is to be taxed as ordinary income or capital gain. This question has arisen before and each time the Court has rejected the proposition that such payments are to be taxed at the preferable capital gains rate. Richard L. Felman, 49 T.C. 599 (1968); *170 Ricketts v. United States, 405 F. 2d 1293 (Ct. Cl., 1969). We think the facts of the instant case are virtually identical to those of both of the above-cited cases and therefore conclude, in accordance therewith, that the readjustment payment in this case is ordinary income. Felman and Ricketts both involved officers in the United States Air Force Reserve who received readjustment payments pursuant to P.L. 87-509 when involuntarily released from active duty prior to serving the 20 years necessary to be entitled to military retirement benefits. The record here is devoid of any relevant facts or arguments that could possibly justify either a reconsideration of our position in Felman or conclusion different from that reached in Ricketts. Decision will be entered for the respondent. 705